IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| Shurna M. Winbush,<br><br>  Plaintiff,<br><br>v.<br><br>Northrop Grumman Ship Systems, Inc.,<br><br>  Defendant. | No. 1:06-cv-00842-LG-RHW<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>(Civil Rights-Employment)<br><br>Jury Trial Demanded |

### PRELIMINARY STATEMENT

1.      This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

### JURISDICTION

2.      This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

## PARTIES

3. Shurna Winbush is a Black employee of NGSS who has been employed by NGSS for over 13 years.

4. NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian.  It is located in Pascagoula, Mississippi.  It is an employer for purposes of Title VII.  On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5. NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended. NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit:  an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7. Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

hostile work environment existed at NGSS.

9. Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

## PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race. The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

   a) Dismissal of the class action allegations seeking compensatory and punitive damages;

   b) Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

   c) Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

   d) Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

   e) Dismissal of defendant LITTON INDUSTRIES; and

   f) Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

14.     On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15.     On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

16.     At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff Winbush's severed action was assigned the case number of 1:06-cv-00842-LG-RHW.

## FACTUAL STATEMENT
## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17.     The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

   a) By failing to treat Blacks on an equal basis with Whites.
   b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.
   c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting positions have inured to the determent of Black employees historically.

f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

h) By demoting Black employees at a disproportionate rate as compared to White employees.

i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of,

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

        dangerous, dirty, and generally less desirable work areas because of their race.

    l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18.    This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19.    NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

## SPECIFIC CLAIMS FOR RELIEF
## TITLE VII AND § 1981

20.    Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

21.    Plaintiff has never been promoted in spite of plaintiff's 13 years at NGSS. Plaintiff has applied for promotive positions on numerous occasions, and has been informed by written communication that she was not qualified for the various positions for which she has applied. However, plaintiff was qualified for the positions for which she applied, but she has never been selected. The means used to determine plaintiff to be unqualified have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This has occurred in at least the following instances:

    a) In 1998, plaintiff applied for boat foreman, a position for which plaintiff was qualified, but for which she was not selected because of her race. At sometime between 1998-2004, plaintiff applied for team leader, a position for which plaintiff was qualified, but for which she was not selected because of her race.

    b) On or about June 2004, plaintiff applied for Quality Assurance Inspector, a

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

       position for which plaintiff was qualified, but for which she was not selected because of her race.

    c) In 2004, plaintiff applied for production control, a position for which plaintiff was qualified, but for which she was not selected because of her race.

    d) On or about Summer 2005, plaintiff applied for supervisor, a position for which plaintiff was qualified, but for which she was not selected because of her race.

22. Plaintiff has worked for 13 years in one or more of the departments at NGSS utilizing a position entitled "leaderman" or "half-hat." Based upon information and belief, plaintiff hereby alleges that no formal means of applying for the position of "leaderman" or "half-hat" at NGSS exist. Plaintiff has made it known that she has been interested in being selected for the position of "leaderman "or "half-hat," however, plaintiff has never been selected for the position in spite of her 13 years at NGSS. Plaintiff has not been informed in any way that she was not qualified for the position of "leaderman" or "half-hat." The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This has occurred in at least the following instances:

    a) On or about October 2004, Mr. Cook and Fred Thompson recommended plaintiff for a leaderman position, but she was not selected because of her race.

23. Plaintiff has never been promoted in spite of plaintiff's 13 years at NGSS. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and seniority as well as the lack of qualifications of White employees who have been promoted, and, therefore, Plaintiff has not applied for promotive positions for

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

which she was qualified, and plaintiff has never been selected for promotion to any such position. The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

24. Plaintiff has been laid off at times during which similarly situated White co-workers with fewer years of seniority were not laid off. Plaintiff was informed of the reason why she was laid off while White co-workers with fewer years of seniority were not. Plaintiff has been laid off under such circumstances in the following instances:

> a) On or about October 17, 1997, plaintiff was laid off from the position of joiner/insulator and transferred to the shipfitting department. At the time plaintiff was laid off, plaintiff's seniority in the company was 4 years, and in the department was 4 years. White co-workers with fewer years of seniority were not laid off at that time.

25. Plaintiff has received less compensation than similarly situated White co-workers for doing the same job. Plaintiff has been denied overtime given to similarly situated white employees.

26. Plaintiff has made her supervisor(s) aware that she desired to be chosen to participate in sea trials. However, she has never been selected to participate in any sea trials in spite of being qualified to be chosen, while her similarly situated White colleagues have overwhelmingly been selected to do so. Furthermore, the selection process for participating in sea trials has never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This has occurred in at least the following instances:

> a) In 1993 or 1994, plaintiff informed supervisor Bill Thompson of plaintiff's desire to participate in sea trials, but was not selected.
>
> b) In 2005, plaintiff again asked to go on sea trials but the opportunity was

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

not afforded to her.

27. Plaintiff has been subjected to racial job tracking that assigns Black employees at NGSS at a disproportionate rate as compared to White employees to the most undesirable, dirtiest, and dangerous employment environments in the workplace. Plaintiff has been assigned to such employment environments in at least the following instances:

a) Plaintiff has been forced to work in either the hot sun or in the cold for long periods of time, while similarly situated White employees were not required to work under these conditions for long periods of time. Whites were assigned to work under more favorable conditions.

b) Plaintiff has been forced to work in the hole(s) or in the bays, a dirtier job than assigned to most similarly situated White employees.

28. Plaintiff has been subjected to disparate treatment with regard to the imposition of discipline for actual or alleged transgressions for which plaintiff is informed and believes similarly situated White employees are not disciplined.

29. Plaintiff has been retaliated against or suffered adverse consequences for opposing NGSS's discriminatory employment practices, in violation of Title VII and § 1981. Such retaliation has occurred in the following instances:

a) Plaintiff was disproportionately assigned to work in the hole or in the bays because of complaining periodically about disparate treatment of black workers in the shipyard, including complaints about limitations on ability of black workers to advance.

b) In 1998 or 1999, plaintiff was sent to the harder job of shooting pins in the bulkhead as punishment for complaints. No white woman has ever been assigned that job, and since the time that plaintiff was assigned to that job; no other woman has been so assigned.

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

      c) On or about January 14, 2000, plaintiff filed a charge of discrimination with the EEOC, as detailed in paragraph 6 herein.  On or about March 21, 2001, plaintiff filed a lawsuit against Defendant as detailed in paragraph 10 herein, and suffered retaliatory disciplinary action because of the filings.  Subsequent to the filing of the EEOC charge and federal court complaint, plaintiff was moved around in the shipyard for no legitimate non-retaliatory reason.  Plaintiff then filed a grievance against Bill Simpson, Clarence Waller, Robbie Thompson, and Supervisor Clausell for always moving black women around and never moving white women around, and for being labeled a troublemaker. O.J. Borries then moved Plaintiff around so that she worked by herself.  He then proceeded to watch her all the time to "see if she was working."  In fact, Borries timed Plaintiff's trips to the bathroom and told her he would give her a warning for not working enough, and subsequently issued Plaintiff an unfair write-up stating that she did not complete work Plaintiff actually had completed.

    30. Plaintiff has been subjected to a hostile work environment based on plaintiff's race.  Plaintiff has been exposed to offensive racially derogatory writings, depictions, and/or graffiti on a constant basis in a number of places at NGSS.  NGSS knows or should have known of the presence of offensive racially derogatory writings, depiction, and/or graffiti in its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about being subjected to the offensive racially derogatory writings, depictions, and/or graffiti, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having been exposed to the offensive racially derogatory writings, depictions, or graffiti because plaintiff believed it would be useless so to do, given the historical lack of sufficient response on the part of NGSS.  Such exposure has occurred in the following

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

instances:

    a) From the beginning of her employment at the shipyard, plaintiff heard about offensive racially derogatory writing, depictions, and/or graffiti that was seen in the restrooms on the west bank of the shipyard, and actually saw photographs of graffiti.

    b) Supervisors used the same restrooms and must have obviously observed the offensive racially derogatory writings, depictions, and/or graffiti, but, to plaintiff's knowledge, took no steps to remedy the situation.

    c) Plaintiff did not complain at that time because, based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation and because plaintiff believed she would be subjected to retaliation for complaining. However, NGSS was or should have been aware of the presence of the offensive racially derogatory writings, depictions, and/or graffiti because it was so prevalent in the restrooms used by supervisors.

31. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. On or about October 3, 2000, Bill Thompson directed a derogatory statement to Plaintiff, telling her to "get her butt back up there and go to work". Plaintiff felt disrespected and hurt by this statement. Plaintiff told Thompson that she did not like the way he spoke to her. Plaintiff returned to her work area and attempted to work, but was unable to do so because of the incident.

32. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff and other Black employees have been exposed to nooses at NGSS. NGSS knows or should have known about the presence of nooses, both actual and depicted in drawings, at its workplace, but has failed to take steps to prevent or correct promptly its occurrence. Such exposure has occurred in at least the following

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

instance:

      a) On or about August 23, 1999, plaintiff observed a noose hanging from the wire way on boat number 52-901, department 33502L, hull 80. Plaintiff complained about this situation to John Lake, a union representative, and the response that was forthcoming was insufficient to remedy the situation.

32. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 29, incorporated as though fully set forth herein.

33. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings, depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS.

34. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

35. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

36. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace. NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same. NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 30 through 35, incorporated as though fully set forth herein.

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

**APPROPRIATENESS OF EQUITABLE RELIEF**

37. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment practices.

38. No plain, adequate, or complete remedy at law is available to plaintiff. The loss of promotional opportunities, experience, and careers with NGSS cannot be adequately compensated by monetary relief. Similarly, the continued subjection to a racially hostile work environment cannot be adequately compensated by monetary relief.

39. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

**FIRST CLAIM FOR RELIEF**

40. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 39 and further alleges for a first claim for relief as follows:

41. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

**SECOND CLAIM FOR RELIEF**

42. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 39 and further alleges for a second claim for relief as follows:

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

43. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

44. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

45. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## PRAYER

WHEREFORE, plaintiff prays that this Court:

   a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 20 through 36 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

   b) Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

   c) Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

engaging in each of the unlawful practices set forth in paragraphs 20 through 36 and from continuing other practices found to be in violation of applicable law;

d) Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e) Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

f) Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees. The plan should also outline steps to be taken to ensure that jobs available remain open until the posting period has expired;

g) Require that NGSS institute a policy that affords equal opportunities for training and development. The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

h) Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

i) Grant such punitive, general, and special damages as proved at trial;

j) Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C.

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

   § 1988; and

k)   Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated: September 29, 2006　　　　　　　　　SANDRA JARIBU HILL, Esq.
　　　　　　　　　　　　　　　　　　　　　Mississippi Workers' Center for
　　　　　　　　　　　　　　　　　　　　　　　　Human Rights

　　　　　　　　　　　　　　　　　　　　　WILLIAM C. MCNEILL, III, Esq.
　　　　　　　　　　　　　　　　　　　　　The Legal Aid Society-Employment
　　　　　　　　　　　　　　　　　　　　　　　　Law Center

　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs


　　　　　　　　　　　　　　　　　By:　　/s/ William C. McNeill, III
　　　　　　　　　　　　　　　　　　　　　WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California  94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi  38702-1223
(662) 334-1122


Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following:  Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Laurel Kapros
　　　　　　　　　　　　　　　　　　　　　　　　Laurel Kapros

Plaintiff Shurna Winbush's Complaint for
Injunctive and Declaratory Relief and Damages
No. No. 1:06-cv-00842-LG-RHW